THE WESTERN RAILROAD *vs.* THOMAS & PRESCOTT.

[This case was argued at the last term and the decision reserved.]

That the agent of a railroad company obstructed an officer in levying an attachment upon goods loaded upon one of the trains of the company, and that he removed the goods out of the state by running out the train, will not furnish a cause of action against the company, at the instance of the plaintiff in attachment.

JACKSON, Judge, concurred *dubitante.*

Railroads. Attachment. Levy and sale. Officer. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1877.

Report unnecessary.

JOSEPH F. POU, for plaintiff in error.

HATCHER & GOETCHIUS, for defendant.

BLECKLEY, Judge.

To aid a debtor in removing his property out of the state, is not an actionable injury to the creditor. This is the rule where process of seizure has not issued, 19 *Ga.*, 141. That a debtor after arrest has been rescued by a mob, is no excuse to officer, 20 *Ib.*, 598. No case exactly like the present was produced in the argument, and none such is known to us. The two just cited are as near in point as any we have been able to find. They would seem to suggest, if not to furnish, a rule of decision for the case before us. A ministerial officer, armed with due process of law and acting within it, is the servant of the state and not of the plaintiff.

Resistance to him is resistance to the public authority, and is a penal offence. Code, §4476. He can command assistance, and must do it at his peril when he is in a situation to require it. He can summon a *posse*, and with their support, carry his process into execution. If it was his duty to make the levy, and he failed to do it, the plaintiff's remedy is against him, and not against those who obstructed him, Civilly considered, the obstruction was an injury to him, not to the plaintiff. If the officer could have made the levy had there been no resistance, then, in contemplation of law, he could have made it in spite of the resistance. It does not appear that he commanded assistance, or that there was none at hand.

The court erred in sustaining the *certiorari.*

Cited in argument, 58 *Ga.*, 216 ; 1 Red. on Railways, p. 535 *et seq* ; Code, §§2951, 2962, 3033 ; 48 *Ga.*, 432 ; 1 Black, 101 ; 1 Espinasse, 205 and *note.*

Judgment reversed.